38 F.3d 1216
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Adam J. PORE, by his next friend James H. Pore, Wanda J.
Pore, and James H. Pore, Plaintiffs-Appellants,
v.
NATIONAL PRESTO INDUSTRIES, INC., Defendant-Appellee.
 No. 93-3803.
 United States Court of Appeals, Sixth Circuit.
 Oct. 25, 1994.
 
 Before: KEITH, NELSON, and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is a products liability case in which the plaintiffs appeal from a judgment entered on a general verdict in favor of the defendant manufacturer. The most significant of the several issues presented is whether the district court erred in failing to submit separate written interrogatories to the jury regarding comparative negligence. Such interrogatories would have been required, according to the plaintiffs, if the case had been tried in a state court--and because this is a diversity case, the plaintiffs argue, interrogatories should have been used here as well.
 
 
 2
 We conclude that (1) the use of separate interrogatories is a procedural matter governed by federal law; (2) the verdict forms presented to the jury were not improper under federal law; and (3) the plaintiffs' other claims of error are not persuasive. Accordingly, we shall affirm the judgment for the defendant.
 
 I.
 
 3
 Plaintiff Adam Pore, an infant 21 months old, became entangled in the cord of a deep-fat fryer manufactured by the defendant. The child overturned the fryer, spilled hot oil on himself, and was severely burned. Adam and his parents, Wanda and James Pore, sued National Presto Industries, the manufacturer of the fryer, on theories of strict liability and negligent design.
 
 
 4
 The action went to trial before a magistrate judge and a jury of seven. After the parties had presented their cases in full, the magistrate gave the jury verdict forms dealing with both theories of liability.
 
 
 5
 The jury received three separate forms in connection with the claims for negligence. The first form said: "We the jury, on the issue of negligence, find for the defendant and against the plaintiffs." The second form set forth the opposite finding: "We the jury, on the issue of negligence, find for the plaintiffs and against the defendant." The third form--to be returned, as the court told the jury, "only if you have found for the Plaintiffs and against the Defendant on the issue of negligence"--contained alternative sections in which the jury was asked to say whether negligence on the part of the mother had or had not contributed proximately to the injuries of the child. If the jury checked the box indicating that Wanda Pore's negligence did proximately contribute to her son's injuries, the jury was told that it should write in the percentage of injuries caused by Wanda Pore and National Presto Industries respectively.
 
 
 6
 The magistrate gave the jury detailed instructions on the substantive law of negligence and comparative negligence. The instructions made it clear that the infant plaintiff was legally incapable of comparative negligence and that his mother's comparative negligence, if any, could not be imputed to him.
 
 
 7
 The jury returned the first verdict form, finding for the defendant on the issue of negligence. Accordingly, and because the jury found for the defendant on the strict liability issue as well, the court rendered judgment against the plaintiffs and dismissed the case. This appeal followed.
 
 II.
 
 8
 The plaintiffs present three assignments of error. They contend, in essence, (1) that because state law gave Wanda Pore a substantive right to have her negligence claim adjudicated under the principle of comparative negligence, with the jury's general verdict on negligence being tested by written interrogatories specifying the percentage of negligence attributable to her and the percentage attributable to the defendant, the court's failure to submit such interrogatories to the jury constituted reversible error; (2) that the court erred, to the prejudice of Adam Pore, in submitting only one form of verdict comprehending the claims of all three plaintiffs on the issue of negligence; and (3) that the court's instructions to the jury were deficient in various respects.
 
 
 9
 The substantive law applicable to this case, the parties agree, is that of Ohio. Ohio Rev.Code Sec. 2315.19(B) provides that "[i]f contributory negligence ... is asserted and established ... the jury ... shall return a general verdict accompanied by answers to interrogatories, that shall specify the following: * * * (4) The percentage of negligence ... that is attributable to the complainant ... and the percentage of negligence ... that is attributable to each party to the action from whom the complainant seeks recovery." Plaintiff Wanda Pore speculates that the jury might have considered the defendant guilty of a legally significant degree of negligence in relation to her claim for loss of her son's services, and might nonetheless have returned the verdict it did because it considered the mother guilty of contributory negligence. The jury would not have committed such an error, she argues, if it had been told to make the detailed findings that she says were required under Ohio law.
 
 
 10
 Whether an Ohio court really would have been required to use written interrogatories in the manner asserted by Mrs. Pore is a question we need not decide. This case was tried in a federal court, not a state court. Rule 49, Fed.R.Civ.P., gives the federal court a choice between requiring the jury to return a special verdict and requiring it to return a general verdict--and if a general verdict is chosen, the court is given a further choice as to whether the verdict shall be accompanied by written interrogatories. The rule is couched in terms that are permissive, not mandatory: "The court may submit to the jury, together with appropriate forms for a general verdict, written interrogatories upon one or more issues of fact...." (Emphasis supplied.)
 
 
 11
 The very first sentence of the Advisory Committee Notes on Rule 49 makes it clear that "[t]he Federal courts are not bound to follow state statutes authorizing or requiring the court to ask a jury to find a special verdict or to answer interrogatories." Professors Wright and Miller provide the following commentary on the extent to which this note has been followed by the courts:
 
 
 12
 "The courts have uniformly reached the result predicted by the Advisory Committee and have refused to regard state law as controlling on the submission of special verdicts and interrogatories. State law does not govern whether to use a general verdict or a special verdict, or what questions to submit if these procedures are used, or the form of the questions submitted, or how the jury is to be instructed, or the effect of inconsistency between a general verdict and a special interrogatory, or any other detail of the special verdict and interrogatory practice." Wright & Miller, Federal Practice and Procedure, Vol. 9, Sec. 2502, p. 487 (internal citations omitted).
 
 
 13
 The manner in which the jury is asked to render its decision is a procedural matter, not within the restraining ambit of Erie R. Co. v. Tompkins, 304 U.S. 64 (1938).
 
 
 14
 The magistrate did not abuse his discretion in declining to require that a verdict in favor of the defendant on the issue of negligence be accompanied by interrogatories. Neither did he abuse his discretion in not requiring a separate finding on the issue of negligence as to each individual plaintiff. The jury was told that infants do not exercise the same degree of care for themselves as adults do, and it was told to consider the ordinary environment in which the product would be used--i.e., a family kitchen where infants might well be found. It was against this background that the jury found for the defendant on the question of negligence, and we have no reason to suppose that the finding would have been different as to Adam Pore if an individualized verdict form had been used for him.
 
 
 15
 Taken as a whole, the charge to the jury was unexceptionable. We find none of the plaintiffs' claims of instructional error persuasive.
 
 
 16
 AFFIRMED.